IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MICHAEL A. WIGGINS,**

   *Plaintiff*,

  v.                   Civil No.: 1:25-cv-00124-JRR

**IVAN BATES,** *et al.*,

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

  Before the court are Plaintiff's Complaint (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 5, the "Motion"). The court has reviewed Plaintiff's Complaint and the Motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).[1]

**I. Background**

  On January 14, 2025, *pro se* Plaintiff Michael A. Wiggins initiated this action against Defendants Ivan Bates, Judge Rachel E. Skolnik, Jada L. Williams, Anita DiCarlo, Justin Dickman. (ECF No. 1.) On January 16, he filed an Amended Complaint (ECF No. 4; the "Complaint") and on January 27, the Motion (ECF No. 5). Plaintiff is a defendant in an ongoing criminal proceeding in the District Court of Maryland for Baltimore City (Case No. CR-24-029224). (ECF No. 4 at p. 7.) In the Complaint, Plaintiff alleges misconduct by various parties to his state court criminal proceeding. *Id.* at pp. 10–11. The state court proceeding arises from an altercation with Defendant Jada L. Williams. Defendants Bates, DiCarlo, and Dickman, attorneys

---

[1] Defendant DeCarlo's surname is properly spelled "DiCarlo." Defendant Dickmen's surname is properly spelled "Dickman." Defendant William's surname is properly spelled "Williams." Madam Clerk shall correct the docket accordingly. The court will use their correct surnames in this opinion and order.

with the Baltimore City State's Attorney's Office, are prosecuting the case; Defendant Skolnik is the presiding judge. *Id.* at p. 13.

Plaintiff alleges that during a hearing in his criminal case, Defendant Williams made comments to Judge Skolnik that prejudiced Plaintiff's Fourth Amendment rights. (ECF No. 4 at p. 13.) Plaintiff additionally alleges, as best the court can discern, that Defendants Bates, Dickman, DiCarlo, and Skolnik violated his Fifth and Fourteenth Amendment due process rights when, according to Plaintiff, the prosecutors decided to dismiss Plaintiff's claims against Defendant Williams in the course of the same criminal proceeding. *Id.* In the Complaint, Plaintiff seeks preliminary and permanent injunctive relief to enjoin Defendants from continuing to violate his rights. *Id.* at p. 13. In the Motion (the title of which suggest Plaintiff seeks emergency injunctive relief), Plaintiff asks the court to "enjoin the defendant to discontinue allowing the defendant Jada I. Williams from yelling out in court with new presentation that have no support or evidence - and to stop defendant - Judge Rachel Skolnik, responding in favorable way." (ECF No. 5-2 at p. 11–12.) In effect, Plaintiff asks this court to intervene in his ongoing state court criminal proceeding because in his view, the actions and inactions of the prosecutors and presiding judge are infringing his Constitutional rights. For the reasons that follow, the court declines to enter temporary or preliminary injunctive relief, and dismisses the Complaint with prejudice.

## II.     Analysis

As an initial matter, the court is ever mindful that "pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available;

it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court "counsels that federal courts should abstain from adjudicating a case if doing so would interfere in a pending state criminal proceeding in which the complaining litigant could adequately press his cause." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559 (4th Cir. 2024); *see also Jonathan R. by Dixon v. Just.*, 41 F.4th 315, 329 (4th Cir. 2022) (noting *Younger*'s scope is limited to state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions). "Abstention doctrines constitute 'extraordinary and narrow exception[s]' to a federal court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). More specifically, the *Younger* abstention doctrine

> requires a federal court to abstain from interfering in state proceedings, "even if jurisdiction exists, if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit."

*Fiallo v. PNC Bank, Nat. Ass'n*, No. PWG-14-1857, 2014 WL 6983690, at *2 (D. Md. Dec. 9, 2014) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)).

When a federal court abstains from exercising jurisdiction under *Younger*, and the plaintiff seeks only injunctive or declaratory relief, the claims "are usually [] dismissed with prejudice." *Adams Outdoor*, 105 F.4th at 559; *see also Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006) (noting that "*Younger* 'contemplates the outright dismissal of the federal suit, and the presentation

3

of all claims, both state and federal, to the state courts.'" (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577 (1972))).

"District courts may raise the issue of abstention *sua sponte*." *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643 n.6 (D. Md. 2015); *see Fiallo*, 2014 WL 6983690, at *2 n.1 (D. Md. Dec. 9, 2014) (observing that "[a]lthough *Younger* is not a jurisdictional doctrine, district courts may raise the issue *sua sponte*.").

Here, as Plaintiff alleges, there is an ongoing state judicial proceeding that was instituted prior to any progress in the federal proceeding; and Plaintiff's demands for relief all arise from his ongoing criminal case. (ECF No. 4.) The first prong of the *Younger* doctrine is thus satisfied. As to the second prong, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see Nivens*, 319 F.3d at 154 (finding that the state "has a very important, substantial, and vital interest in preventing violations of its criminal laws.") As to the third prong, the Fourth Circuit explains, and this court agrees, "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Accordingly, the court finds that the *Younger* factors are satisfied.

"The Supreme Court has recognized that in 'extraordinary circumstances,' federal courts have discretion to disregard the 'strong federal policy against federal court interference with pending state judicial proceedings.'" *Nivens*, 319 F.3d at 154 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Accordingly, three exceptions to

4

*Younger*'s mandate are presented where: (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (4) other extraordinary circumstances exist that present a threat of immediate and irreparable injury. *Nivens*, 444 F.3d at 241; *see Gilliam*, 75 F.3d at 904 (noting that "ordinarily irreparable harm cannot be shown simply because a defendant will be subject to a single criminal prosecution in which he must raise any constitutional claims he wishes as a defense to his conviction.").

Nothing before the court suggests any of these conditions are present in Plaintiff's criminal action.

### III.     Conclusion

For the reasons set forth herein, it is this 30th day of January 2025,

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 4) shall be, and is hereby, **DISMISSED WITH PREJUDICE**; and further it is

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 5) shall be, and is hereby, **DENIED AS MOOT**.

  /S/_____
  Julie R. Rubin
  United States District Judge